Louis M. Greenblott, J.
Petitioner seeks an order directed to the State of New York as a garnishee. On February 24,1961, a judgment was entered in this court in favor of the petitioner against one Vivian Mooney in the amount of $1,770.75. On February 14, 1960, the State of New York appropriated property in the County of Broome in connection with a proceeding known as Union Village, Main and Bridge Streets. Thereafter the judgment debtor filed a claim against the State in the Court of Claims, arising out of the alleged appropriation of her leasehold interest in fixtures.
The respondent has filed an affidavit herein stating the claim of the judgment debtor has been determined by an agreement in settlement. Payment is being held up however, because certain fee owners have not executed their final papers. Respondent opposes this petition contending (1) that this court is without jurisdiction; (2) the application is premature and (3) the petitioner improperly seeks a preference over prior claims and liens.
CPLR 5207 makes it clear that under no circumstances may an order be docketed as a judgment against the State nor may any other court be granted jurisdiction to hear and determine claims against the State of New York other than the Court of Claims. Although article 52 enforcement provisions are inapplicable when the State is a judgment debtor, CPLR 5207 makes it clear that the State is subject to garnishment procedures when the State is not the judgment debtor. However, the judgment creditor’s ability to pursue the State as a garnishee is subject to the limitations that no judgment can be entered against the State in such a proceeding and that an order providing for the payment of money in a garnishment proceeding in which the State becomes involved can provide only for the payment of moneys not claimed by the State. (See 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5207.01.) It is obvious to this court that this proceeding does not seek a judgment against the State as a judgment debtor but merely as a garnishee.
*367 The State contends further that the petition should have been brought against the Comptroller under CPLR 506 (subd. [b], par. 2) and must be commenced in the Supreme Court of Albany County. Since this is not a direct proceeding against the Comptroller, this court is of the opinion that CPLR 506 (subd. [b], par. 2) is not applicable.
Respondent also contends that the petitioner’s application is premature and anticipatory. CPLR 5227 provides: “Upon a special proceeding commenced by the judgment creditor, against any person who it is shown is or will become indebted to the judgment debtor, the court may require such person to pay to the judgment creditor the debt upon maturity, or so much of it as is sufficient to satisfy the judgment (Emphasis supplied.) Since the affidavit submitted by the State indicates that there is a debt due and owing from the State to the judgment debtor which will mature as soon as proper papers are executed, this court is of the opinion that this petition is not premature.
It is the further contention of the respondent that the petitioner improperly seeks a preference over prior claims and liens. The question of priority of liens and incumbrances must, of course, be left to the complete jurisdiction of the Court of Claims in the event of trial and must be determined by the proper authorities of the State of New York in the event of settlement.
It is the decision of this court that the petitioner be granted an order, directed to the State of New York as a garnishee. Such order shall provide for payment by the State of New York to the petitioner of the sum of $1,770.75 with interest from February 24, 1961, to be paid to the extent moneys are available, out of the sum finally determined either by the Court of Claims or the proper authorities of the State of New York to be due and owing to the said Vivian Mooney in disposition of Claim Number 40094. Such payment shall not be made by the respondent until all documents required by the Court of Claims or the State authorities have been duly executed by the petitioner and all other persons concerned.