In the Matter of Bankers Trust Company, Petitioner-Appellant, *v.* State of New York (Department of Audit and Control), Respondent.

In the Matter of Beacon Investors Corp., Cross-Petitioner-Respondent, *v.* State of New York (Department of Audit and Control), Respondent.

Third Department, November 22, 1967.

*Charles Leeds* for appellant.

*Charles J. Fine* for cross-petitioner-respondent.

*Louis J. Lefkowitz, Attorney-General,* for State of New York, respondent.

Gibson, P. J. Appeal is taken by petitioner from an order of the Supreme Court at Special Term, which, in a proceeding and cross proceeding under CPLR 5225 (subd. [b]), directed the State of New York, Department of Audit and Control, to pay to petitioner and cross petitioner, without priority but pro rata according to the amounts of their respective judgments against Dorshay Cafe, Inc., moneys in the amount of $1,817.18 held by

the Comptroller of the State of New York, representing the refund which became payable upon the surrender of the judgment debtor's liquor license.

Petitioner's judgment is for $569.78 and that of cross petitioner for $6,963.90. The parties served restraining notices (CPLR 5222), each on or about December 13, 1966. Petitioner issued to the Sheriff of Albany County an "execution with notice to garnishee" which was served upon the Comptroller on December 30, 1966 and entered upon his docket; by virtue of which petitioner claims a right to payment prior and superior to that of cross petitioner.

In seeking to sustain the order appealed from, arguing quite correctly that "execution against the State is unavailable", respondent seems to misconstrue CPLR 5207, which states, first, that "None of the procedures for the enforcement of money judgments are applicable to a judgment against the state" and, then, that "All procedures for the enforcement of money judgments against other judgment debtors are applicable to the state, its officers, agencies and subdivisions, as a garnishee," with certain exceptions and other provisions not relevant to this discussion. As stated by the commentators, "Although CPLR 5207 renders the Article 52 enforcement provisions inapplicable to the State when the State is a judgment debtor, CPLR 5207 makes it clear that the State is subject to garnishment procedures when the State is not the judgment debtor." (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5207.01.) Under the section it is "clear that no enforcement procedures are available against the state as a judgment debtor. Where the state is a garnishee, however, the procedures provided in the article may be directed to the state as such, with the qualifications enumerated by the section." (Practice Commentary by Professor David D. Siegel, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 5207, p. 60.) "A 'garnishee' is a person who owes a debt to a judgment debtor, or a person other than the judgment debtor who has property in his possession or custody in which a judgment debtor has an interest." (CPLR 105, subd. [h].)

Respondent states, as buttressing its position, that the enforcement procedures, by way of execution undertaken by appellant, in some way infringed upon the State's rights, that appellant "was advised by the State that it would not honor the execution and purported levy, but rather would require an order before making payment"; but actually the Comptroller's statement was that, "Since there are claims of conflicting creditors against the refund balance being held by our

office, no payment will be made except upon authority of a proper court order." Respondent's concern for the State's liability as stakeholder, seems unnecessary, if not, indeed, gratuitous, in the light of the Attorney-General's statement in the letter transmitting his notice of appearance that, "The State of New York Department of Audit and Control has advised me that they have no objection to the motion and therefore this office will not appear on the return date."

Having concluded that appellant proceeded properly by way of execution, we reach the question — which respondent does not argue — whether the execution and levy thereunder must be given effect subordinate to that of the prior restraining notices. The question is that which was decided in a case of first impression under subdivision (c) of CPLR 5234, representing a departure from the pre-existing statutory and decisional law; the precise issue posed in that case, as in this, being "whether a judgment creditor who has served a third-party information subpœna and restraining notice in judgment enforcement proceedings (but has not yet obtained a turnover order) is entitled to priority over a judgment creditor who subsequently procures a levy under an execution." (*City of New York* v. *Panzirer*, 23 A D 2d 158, 159, per BREITEL, J.) After detailing the successive preliminary drafts of the ultimate subdivision (c), the court said: "While there is no express reference to the restraining notices authorized by CPLR 5222, it is clear enough from the language of the subdivision, and especially in the light of its legislative history, that the subdivision was intended to encompass the range of priorities, to make the ranking of priority statutory, and to eliminate both decisional variations and difficult factual tests based upon the measure of diligence exerted by members of the different classes of judgment creditors" (p. 162); and the court thereupon concluded: "The result, then, is that in order for a judgment to attain status in the ranking of priorities there must either be a levy, an order directing delivery of property, or the appointment of a receiver. Any other measures taken by the judgment creditor, no matter how diligent, on an absolute or comparative basis, do not suffice to qualify for priority" (p. 162). (See, also, the court's citations [p. 163] of various Special Term decisions and commentators' conclusions consonant with its holding.)

The order should be modified, on the law and the facts, so as to direct (1) payment to appellant from the fund held by the Comptroller of the amount due under the execution and (2) payment of the balance of the fund to respondent for application to

its judgment, and, as so modified, should be affirmed, with costs to appellant.

REYNOLDS, AULISI, STALEY, JR. and GABRIELLI, JJ., concur.

Order modified, on the law and the facts, so as to direct (1) payment to appellant from the fund held by the Comptroller of the amount due under the execution and (2) payment of the balance of the fund to respondent for application to its judgment, and, as so modified, affirmed, with costs to appellant.