(June 2, 1987)

■ COMMISSIONERS OF THE STATE INSURANCE FUND, Appellants, v M. MATHEWS & SONS CO., INC., Respondent.—Order, Supreme Court, New York County (Alvin F. Klein, J.), entered August 21, 1985, which denied plaintiffs-appellants' motion to dismiss defendant-respondent's counterclaim on grounds that the court lacked subject matter jurisdiction, is reversed on the law, the motion granted and the counterclaim dismissed, without costs.

Appellants instituted this action pursuant to section 93 of the Workers' Compensation Law to recover unpaid premiums on a canceled insurance policy. Respondent answered and interposed a counterclaim for actual and punitive damages for the wrongful cancellation of a policy issued to G. M. Mathews & Sons Ltd., an unrelated corporation controlled by respondent's principals. Appellants moved for summary judgment dismissing the counterclaim pursuant to CPLR 3212, asserting, *inter alia,* that the court lacked subject matter jurisdiction. The motion was denied and appellants did not seek reargument or take an appeal. Thereafter, they moved to dismiss the counterclaim pursuant to CPLR 3211 (a) (2). The court rejected appellants' jurisdictional challenge citing *Commissioners of State Ins. Fund v Low* (3 NY2d 590) and on the ground that the court's prior decision, from which no appeal had been taken, was the law of the case.

The State Insurance Fund is a State agency which the Legislature vested with certain sovereign powers and "the mantle of the State's sovereign immunities" *(Methodist Hosp. v State Ins. Fund,* 102 AD2d 367, 372 [1st Dept 1984], *affd* 64 NY2d 365). As such, it is immune from suit in any forum other than the Court of Claims *(see, Cardinal v State of New York,* 304 NY 400, 405; *Skakandy v State of New York,* 274

App Div 153, 155, *affd* 298 NY 886). In *Low (supra,* at 595), the Court of Appeals found that the State Insurance Fund is, for the purposes of instituting litigation, "considered to be an entity separate from the State itself" and therefore is not bound under doctrines of collateral estoppel and res judicata by judgments rendered against the State where the Insurance Fund was not a party to the action. However, this decision should not be so broadly read as to strip the Fund of all aspects of its immunity as a State agency *(see, Solomon v Kennedy,* 38 Misc 2d 1090, 1092). The Fund does function as a separate insurance business which is not represented by the Attorney-General and which may independently bring suit, and in this capacity it has only limited immunity *(Matter of Carney v Newburgh Park Motors,* 84 AD2d 599, 600 ["While laches cannot generally be imputed to the sovereignty, the defense is available in cases where the government acts in its private or proprietary capacity"]). Nevertheless, it retains the sovereign's immunity from suit in any forum other than the Court of Claims. Concur—Sandler, Carro, Asch and Rosenberger, JJ.

Murphy, P. J., dissents and would affirm for the reasons stated by Alvin Klein, J., at Special Term.