■ Santo D'Angelo et al., Respondents, v State Insurance Fund, Appellant. [852 NYS2d 192]—

In an action, inter alia, for a judgment declaring that the plaintiff Santo D'Angelo is entitled to benefits under a policy of workers' compensation insurance issued to the plaintiff S & V Foods, Inc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), entered March 20, 2007, as denied that branch of its

motion which was to dismiss the complaint pursuant to CPLR 3211 (a), and granted the plaintiffs' cross motion for leave to amend the complaint pursuant to CPLR 3025 (b) to add a cause of action to recover damages for breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the motion which was to dismiss the complaint is granted, and the cross motion for leave to amend the complaint is denied.

In this action, the plaintiffs seek to relitigate an issue already determined against the plaintiff Santo D'Angelo in proceedings before the Workers' Compensation Board (hereinafter the Board). Specifically, they seek to relitigate the validity of the exclusion of D'Angelo, the president of the plaintiff S & V Foods, Inc. (hereinafter S & V), from the coverage provided by a policy of workers' compensation insurance (hereinafter the policy) issued to S & V by the defendant. As the defendant correctly contends, this action is barred by the doctrine of collateral estoppel.

In order to invoke the doctrine of collateral estoppel, a party must establish that the issue on which preclusion is sought is identical to a material issue necessarily decided in the prior proceeding, and that the party against whom the doctrine is asserted had a full and fair opportunity to contest this issue in the prior proceeding (see *Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]; *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]; *Altegra Credit Co. v Tin Chu*, 29 AD3d 718, 719 [2006]). The burden of proving that the issue sought to be litigated in the second proceeding was identical to a material issue necessarily decided in the prior proceeding is on the party asserting the doctrine, here, the defendant. The burden of establishing the absence of a full and fair opportunity to contest the issue is on the party seeking to avoid preclusion, here, the plaintiffs (see *Jeffreys v Griffin*, 1 NY3d at 39; *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349; *see generally* Siegel, NY Prac § 462, at 777 [4th ed]). While the defendant met its burden, the plaintiffs failed to meet theirs.

The essence of this action is D'Angelo's contention that the defendant's exclusion of him from coverage under the policy was not valid, and thus erroneous. However, in deciding whether or not D'Angelo was entitled to benefits under the policy for an accident that occurred on August 26, 2003, the Board was specifically presented with that argument, i.e., that his exclusion from the policy was invalid and erroneous. The Board's determination that D'Angelo was not entitled to benefits under the policy because he was excluded from coverage necessarily

determined the essential issue of this action—the validity of his exclusion—against him. Since the plaintiffs failed to meet their burden of establishing that they did not have a full and fair opportunity to contest that issue (*see Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276 [1988], *cert denied* 488 US 1005 [1989]; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 72 [1969]; *Altegra Credit Co. v Tin Chu*, 29 AD3d at 719; *McRae v Sears, Roebuck & Co.*, 2 AD3d 419, 419-420 [2003]; *Rigopolous v American Museum of Natural History*, 297 AD2d 728, 729 [2002]), the Supreme Court erred in denying that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5).

The Supreme Court further erred in granting the plaintiffs' cross motion for leave to amend the complaint to add a cause of action to recover damages for breach of contract. Leave to amend a pleading " 'should be freely granted unless the amendment sought is palpably improper or insufficient as a matter of law, or unless prejudice and surprise directly result from the delay in seeking the amendment' " (*Yemini v Goldberg*, 46 AD3d 806 [2007], quoting *Maloney Carpentry, Inc. v Budnik*, 37 AD3d 558, 558 [2007]; *see Alatorre v Hee Ju Chun*, 44 AD3d 596 [2007]). Here, however, the amendment sought was "palpably improper" because the Supreme Court lacks subject matter jurisdiction over a cause of action to recover damages for breach of contract against the defendant. A claim for money damages against the State must be litigated in the Court of Claims (*see* Court of Claims Act § 9 [2]). The State Insurance Fund is a state agency, and, consequently, claims against it for money damages must be litigated in the Court of Claims, rather than in the Supreme Court (*see Sukup v State of New York*, 19 NY2d 519, 520 [1967]; *Commissioners of State Ins. Fund v Photocircuits Corp.*, 20 AD3d 173, 176 [2005]; *Commissioners of State Ins. Fund v Trio Asbestos Removal Corp.*, 9 AD3d 343, 345 [2004]; *Commissioners of State Ins. Fund v J.D.G.S. Corp.*, 253 AD2d 368, 369 [1998]; *Commissioners of State Ins. Fund v Mathews & Sons Co.*, 131 AD2d 301, 301-302 [1987]). Although the defendant did not raise this issue in the Supreme Court, a court's lack of subject matter jurisdiction may not be waived and may, in fact, be raised at any time (*see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]; *Morrison v Budget Rent A Car Sys.*, 230 AD2d 253, 257-260 [1997]; *see generally* Siegel, NY Prac § 8, at 11; § 260, at 441 [4th ed]). Consequently, the cross motion for leave to amend the complaint should have been denied. Spolzino, J.P., Florio, Miller and Dickerson, JJ., concur.