OPINION OF THE COURT
Kenneth L. Thompson, Jr., J.
Petitioner’s order to show cause for an order pursuant to CPLR 7803 (1) and (3) compelling respondents, the State Insurance Fund (SIF), to pay petitioner the sum of $23,448,741.54 and SIF’s order to show cause for an order pursuant to CPLR 7804 (f) dismissing the petition are consolidated for decision herein.
Petitioner’s order to show cause for an order pursuant to CPLR 7803 (1) and (3) compelling SIF to pay petitioner the sum of $23,448,741.54 is denied.
*473 SIF’s order to show cause for an order pursuant to CPLR 7804 (f) dismissing the petition is granted.
As all are familiar with the parties involved, as well as the long and tortured history of this matter, the court will avoid further recitation of such. Simply stated, petitioner is seeking to compel SIF to pay a $23,448,741.54 judgment issued in his favor and against his former, and now defunct, employer, as well as SIF’s insured, Lane & Sons Construction Corp. (L & S). (E.S. Goodman aff at 5.) The basis of his argument is that “the State Insurance Fund failed to pay a Judgment it is obligated to pay pursuant to its insurance policy with its insured L & S, and that the decision not to pay was in violation of lawful procedure and arbitrary and capricious.” {Id. at 6.) SIF is moving to dismiss the petition on the grounds that (1) this court does not have subject matter jurisdiction to hear this petition and (2) this proceeding is an improper vehicle for petitioner to achieve his ends. Based on applicable statutes and prevailing First Department case law, this court must agree with SIF’s arguments.
Jurisdiction
The court finds that it lacks subject matter jurisdiction over this action, which should have been brought in the Court of Claims, because petitioner is attempting to collect money damages against a State agency. Petitioner contends that “[t]his is not a breach of contract action but one to compel obedience of a state agency to court orders and its legally mandated duties; this action also seeks declaratory relief requiring [SIF] to comply with its legal responsibilities.” (B.J. Isaacs aff in opposition at 20.) The court finds that this contention is unsupported by the facts and, thus, insufficient to forestall the aforementioned result.
First, there is no evidence that any court has issued any order of any kind requiring SIF to do anything in this matter. {See CPLR 2219.) Therefore, the court is unsure as to what “court orders,” “legally mandated duties” or “legal responsibilities’’ petitioner is alluding to. Additionally, it is apparently indisputable that petitioner is attempting to collect on a judgment, emanating from a jury verdict awarding monies for pain and suffering, lost earnings and medical expenses, all forms of money damages. {See CPLR 4111 [e] [“specify(ing) the applicable elements of special and general damages upon which the award is based and the amount assigned to each element including, but not limited to, medical expenses, . . . loss of earnings, *474 . . . and pain and suffering”]; see also Dietrick v Kemper Ins. Co. (American Motorists Ins. Co.), 76 NY2d 248, 254 [1990] [stating that “pain and suffering” are “noneconomic damages”]; Bermeo v Atakent, 241 AD2d 235, 242 [1998] [mentioning “different elements of the particular future damages award (e.g., medical expenses, future care, lost earnings, pain and suffering)”].)
Furthermore, it is equally incontestable that SIF is a State agency. (See e.g. Methodist Hosp. of Brooklyn v State Ins. Fund, 64 NY2d 365 [1985]; D’Angelo v State Ins. Fund, 48 AD3d 400, 402 [2008]; Commissioners of State Ins. Fund v Mathews & Sons Co., 131 AD2d 301 [1987].) Moreover, petitioner spends several pages analyzing the insurance policy between SIF and L & S, before arguing that SIF is obligated to pay the judgment pursuant to said policy. (E.S. Goodman aff at 10-11.)
Consequently — despite petitioner’s claims to the contrary— the court is driven to the insurmountable conclusion that the instant petition is actually a disguised effort to collect money damages against a State agency based on an alleged contractual obligation — the insurance policy. Thus, the proper forum for this action is in the Court of Claims and not here in Supreme Court. (See Court of Claims Act § 9 [2]; see also Commissioners of State Ins. Fund v Mathews & Sons Co., 131 AD2d 301, 301 [1987] [holding that “(t)he State Insurance Fund is a State agency which the Legislature vested with certain sovereign powers and the mantle of the State’s sovereign immunities. As such, it is immune from suit in any forum other than the Court of Claims”] [internal quotation marks and citations omitted]; Twin City Fire Ins. Co. v State Ins. Fund, 65 AD3d 945, 946 [2009] [finding that “(a)lthough denominated an action for declaratory relief, this is essentially an action to recover money damages against a state agency, the proper forum for which is the Court of Claims”]; Commissioners of State Ins. Fund v Photocircuits Corp., 20 AD3d 173, 176 [2005] [“(a) claim against (the Fund) is cognizable only in the Court of Claims, and may not be presented as a setoff or counterclaim in the Supreme Court”]; D’Angelo v State Ins. Fund, 48 AD3d 400, 402 [2008] [stating that “(t)he State Insurance Fund is a state agency, and, consequently, claims against it for money damages must be litigated in the Court of Claims, rather than in the Supreme Court”].)
CPLR Article 78
“The only questions that may be raised in a proceeding under this article are:
*475 “1. whether the body or officer failed to perform a duty enjoined upon it by law; or . . .
“3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed.” (CPLR 7803 [1], [3].)
“The respondent may raise an objection in point of law by setting it forth in his answer or by a motion to dismiss the petition, made upon notice within the time allowed for answer. . . . The petitioner may raise an objection in point of law to new matter contained in the answer by setting it forth in his reply or by moving to strike such matter on the day the petition is noticed or re-noticed to be heard.” (CPLR 7804 [f].)
“Even money payable by a public official can be ordered paid through an Article 78 proceeding in the nature of mandamus if the duty to pay is indisputable. Indeed, the proceeding serves as the enforcement device to collect unpaid judgments rendered against governmental units, including municipalities. Nor is a judgment needed in order to manifest that the obligation to pay is clear enough to justify mandamus; an undisputed agreement can offer the needed certainty.” (Siegel, NY Prac § 558, at 958-959 [4th ed].)
Under this rubric, the court finds that this article 78 proceeding is an improper basis to compel SIF to pay the aforementioned judgment because (1) there is no evidence that SIF was enjoined by law to do so, (2) there was no undisputed agreement for it to do so and (3) it is exempt from having to do so under the Insurance Law.
No Duty to Pay
At this juncture the court is motivated to define certain terms: “Enjoin” means “[t]o prescribe, mandate, or strongly encourage.” (Black’s Law Dictionary 550 [7th ed].) “Duty” is defined as “[a] legal obligation that is owed or due to another and that needs to be satisfied; an obligation for which somebody else has a corresponding right.” (Id. at 521.) “Obligation” is defined as “[a] legal or moral duty to do or not do something,” or “[a] formal, binding agreement or acknowledgement of a liability to *476 pay a certain amount or to do a certain thing for a particular person or set of persons.” {Id. at 1102.) And “ £[r]endered’ means judgments given by judicial action.” (Sklar & Cohen Woodworking Co., Inc. v Owen, 177 App Div 796, 797 [1917] [internal quotation marks and citation omitted].)
There has been no evidence presented of a “judgment” having been “rendered” against SIF requiring them to pay the aforementioned judgment. Nor can petitioner point to anything that may be construed as a judicial prescription, mandate or encouragement to do so. Therefore, there is nothing in the record upon which this court may infer that SIF has either a “legal or moral duty” to pay the claimed judgment. As such, petitioner cannot maintain this article 78 proceeding based on the argument that SIF “failed to perform a duty enjoined upon it by law.” Thus, as SIF’s obligation to pay the judgment has not been established, there is no basis to find that its “decision not to pay was in violation of lawful procedure [or] arbitrary and capricious.” (E.S. Goodman aff at 6.)
No Agreement to Pay
Nor may petitioner look to the policy as “an undisputed agreement” to pay the aforementioned judgment because there was no privity of contract between him and SIF. (See Lang v Hanover Ins. Co., 3 NY3d 350, 353 [2004] [holding that “(u)nder the common law, an injured person possessed no cause of action against the insurer of the tort feasor. When a plaintiff acquired a judgment against the insured and the insured failed to satisfy the judgment due to insolvency, the plaintiff could not sue the insurance company directly because there was no privity of contract between plaintiff and the insurance carrier”] [internal quotation marks and citations omitted].) The court finds petitioner’s rationale regarding “standing] in the shoes” of L & S utterly baseless and unavailing. {See E.S. Goodman aff at 5.)
Insurance Law Exemption
Finally, SIF is exempt from the Insurance Law provisions requiring an insurance carrier to consent to a cause of action against it under the circumstances stated herein. Although a direct action against an insurer, such as the one at bar, was created by the Insurance Law, specifically pursuant to the mandates of section 3420 (a) (2) (see Manshul Constr. Corp. v State Ins. Fund, 118 AD2d 983, 984-985 [1986]; see also Guayara v Hudson Ins. Co., 48 AD3d 628, 629 [2008] [holding that “(c)ompliance with the requirements of Insurance Law § 3420 *477 (a) (2) is a condition precedent to a direct action by the injured party against the insurance company”]), the Legislature chose to exempt SIF from that requirement via section 1108 (c).
“(a) No policy or contract insuring against liability for injury to person, except as provided in subsection (g) of this section, or against liability for injury to, or destruction of, property shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions that are equally or more favorable to the insured and to judgment creditors so far as such provisions relate to judgment creditors: . . .
“(2) A provision that in case judgment against the insured or the insured’s personal representative in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may, except during a stay or limited stay of execution against the insured on such judgment, be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract.” (Insurance Law § 3420 [a] [2].)
“The following insurers, their officers, agents, representatives and employees shall be exempt from licensing and other requirements imposed by the provisions of this chapter (except article seventy-four hereof) to the extent specified below: . . .
“(c) The state insurance fund of this state, except as to the provisions of subsection (d) of section two thousand three hundred thirty-nine, section three thousand one hundred ten, subsection (a), paragraph one of subsection (b), paragraph three of subsection (c) and subsection (d) of section three thousand two hundred one, sections three thousand two hundred two, three thousand two hundred four, subsections (a) through (d) of section three thousand two hundred twenty-one, subsections (b) and (c) of section four thousand two hundred twenty-four, section four thousand two hundred twenty-six and subsections (a) and (b) and (g) through (j) of section *478 four thousand two hundred thirty-five of this chapter and except as otherwise specifically provided by the laws of this state.” (Insurance Law § 1108 [c].)
Although petitioner claims that SIF may not rely on the exemption stated in section 1108 (c), he relies on Bowker v NVR, Inc. (39 AD3d 1162 [2007]), a nonbinding Fourth Department case in support of his position. Indeed, the First Department has consistently and specifically held that SIF is exempt from Insurance Law § 3420 (a) (2). (See National Union Fire Ins. Co. of Pittsburgh, Pa. v State of New York, 72 AD3d 620, 621 [2010], citing Kenmore-Tonawanda School Dist. v State of New York, 38 AD3d 203 [2007].) The only other cases the court found regarding this issue referred to the application of section 3420 (d) to SIF. (See e.g. Lehrer McGovern Bovis v Investors Underwriting Mgrs., 303 AD2d 278 [2003]; Almalabeh v Chelsea 19 Assoc., 273 AD2d 261 [2000]; Liberty Moving & Stor. Co., Inc. v Westport Ins. Corp., 55 AD3d 1014 [2008].)
As such, absent the present availability of CPLR 7803 (1) and (3) and the immunity bestowed upon SIF by the Legislature, the court is once again led to an inevitable deduction: Petitioner is without remedy in this forum. Regardless of the court’s sympathy towards petitioner’s claim that “it is patently obvious that the petitioner will suffer irreparable harm if [SIF] does not honor its insurance policy with L & S since petitioner has no other option to collect the money owed to him” (E.S. Goodman aff at 6-7), “the immunity of a state agency is in no way affected by the lack of any other remedy.” (Benz v New York State Thruway Auth., 9 NY2d 486, 490 [1961].)