GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY et al., Respondents, v STATE INSURANCE FUND, Appellant, et al., Defendants. [941 NYS2d 506]—

Appeal by the defendant State Insurance Fund from an order of the Supreme Court, Kings County (Kramer, J.), dated January 13, 2011, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant State Insurance Fund to dismiss the complaint insofar as asserted against it is granted.

A claim for money damages against the State must be litigated in the Court of Claims (*see* Court of Claims Act § 9 [2]). "The State Insurance Fund is a state agency, and, consequently,

claims against it for money damages must be litigated in the Court of Claims, rather than in the Supreme Court" (*D'Angelo v State Ins. Fund*, 48 AD3d 400, 402 [2008]). Although denominated as an action for a declaratory judgment, the complaint in this case shows that this is essentially an action to recover money damages against a state agency, for which the proper forum is the Court of Claims (*id.; see Miraglia v State Ins. Fund*, 32 Misc 3d 471, 474 [2011]). Although the plaintiffs correctly note that the appellant raised this issue for the first time in its reply papers (*see* CPLR 2214; *Fenner v County of Nassau*, 80 AD3d 555, 556 [2011]), "a court's lack of subject matter jurisdiction may not be waived and may, in fact, be raised at any time" (*D'Angelo v State Ins. Fund*, 48 AD3d at 402).

Accordingly, the Supreme Court should have granted the motion of the defendant State Insurance Fund to dismiss the complaint insofar as asserted against it on the ground of lack of subject matter jurisdiction.

In view of the foregoing, we do not address the parties' remaining contentions. Dillon, J.P., Florio, Austin and Roman, JJ., concur.