OPINION OF THE COURT
Memorandum.
Ordered that so much of the appeal from the order dated February 11, 2011 as is by nonparty Amos Weinberg is dismissed as he is not aggrieved by that order {see CPLR 5511); and it is further, ordered that so much of the appeal from the order dated February 11, 2011 as is by plaintiffs is dismissed as that order was superseded by the February 24, 2011 order; and it is further, ordered that the order dated February 24, 2011, insofar as appealed from, is reversed, without costs, and the provision directing plaintiffs to place the sum of $52,450.42 in escrow within 10 days, failing which plaintiffs and their counsel could be subject to the imposition of sanctions or contempt, is stricken.
In this action by providers to recover assigned first-party no-fault benefits, plaintiffs, represented by their attorney, nonparty Amos Weinberg, moved for summary judgment, which motion was granted on default. A judgment in plaintiffs’ favor was entered on January 29, 2008. Thereafter, defendant Motor Vehicle Accident Indemnification Corporation (MVAIC) moved to vacate the default judgment, which motion was granted by the Civil Court by order dated October 27, 2008 (Johnny Lee Baynes, J.). By order dated August 31, 2009, this court reversed the Civil Court’s October 27, 2008 order and denied MVAIC’s motion to vacate the default judgment (25 Misc 3d 138[A], 2009 NY Slip Op 52363[U] [2009]). MVAIC’s subsequent motion for *34 leave to reargue or, in the alternative, for leave to appeal to the Appellate Division was denied by order of this court dated December 3, 2009 (2009 NY Slip Op 90608[U] [2009]).
Thereafter, MVAIC moved to stay the execution of the judgment and for a recalculation of the amount of the judgment, claiming that the amount of interest and attorney’s fees had been improperly computed. By order dated May 20, 2010, the Civil Court (Pamela L. Fisher, J.) denied MVAIC’s motion. On June 3, 2010, MVAIC served a notice of appeal from the May 20, 2010 order. That appeal was ultimately dismissed by this court, by decision and order dated August 9, 2011 (2011 NY Slip Op 81108[U] [2011]), upon plaintiffs’ motion to dismiss the appeal for failure to prosecute.
In January 2011, MVAIC moved for repayment of the proceeds of the execution, after learning that the judgment had been enforced by a city marshal in October 2010 by levy upon MVAIC’s bank account. Plaintiffs cross-moved for an award of attorney’s fees. By order dated February 11, 2011, the Civil Court (Genine D. Edwards, J.) adjourned the matter to February 24, 2011 and directed that plaintiffs place in escrow the sum of $52,450.42, the amount of the judgment, pending its determination of the motion and cross motion. On the adjourned date, the Civil Court found that plaintiffs had failed to comply with the portion of the February 11, 2011 order directing them to place the money in escrow and, in an order dated February 24, 2011, the Civil Court (Devin P. Cohen, J.) adjourned the matter to March 9, 2011, directing plaintiffs to place the judgment amount in escrow within 10 days of the order, or plaintiffs and their counsel would, at the court’s discretion, be subject to sanctions and a contempt finding. On appeal, plaintiffs contend, among other things, that the Civil Court lacked the authority to, in effect, issue a mandatory injunction directing them to place the funds into escrow. They further argue that, in any event, there was no stay of enforcement of the judgment in effect because MVAIC is not an arm or agency of the state within the meaning of CPLR 5519 (a) (1) and/or because, under CPLR 5519 (a), the automatic stay applies only where the appeal is from the “judgment or order” sought to be enforced and here the appeal was not from the judgment sought to be enforced. MVAIC responds that the Civil Court was authorized to issue the order in question; that its June 3, 2010 service of a notice of appeal from the May 20, 2010 order, which denied its motion to stay the execution of the judgment and for a recalculation of the amount of *35 the judgment, “stayed all proceedings to enforce the judgment” pursuant to CPLR 5519 (a) (1); and that plaintiffs violated that automatic stay.
As a general rule, “[e]xcept for proceedings for the enforcement of housing standards (CCA 110 [a] [4]; 203 [o]) and applications for certain provisional remedies (CCA 209 [b]), the New York City Civil Court may not grant injunctive relief” (Topaz Realty Corp. v Morales, 9 Misc 3d 27, 28 [App Term, 2d Dept, 2d & 11th Jud Dists 2005] [internal quotation marks omitted]; see also Tobin v Beaaro, Inc., 31 Misc 3d 127[A], 2011 NY Slip Op 50446[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Green v Lakeside Manor Home for Adults, Inc., 30 Misc 3d 16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; Jiskra v Canesper, 21 Misc 3d 129[A], 2008 NY Slip Op 51968[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; cf. 952 Assoc., LLC v Palmer, 52 AD3d 236 [2008]). As the order in question does not fall within any of the exceptions to the general rule, the Civil Court was not authorized to direct the placement of the money into escrow.
Moreover, even assuming that the Civil Court was authorized to issue the order in question, and even assuming further that MVAIC is an agency of the state within the meaning of CPLR 5519 (a) (1), the statute, by its terms, provides that the service of a notice of appeal “stays all proceedings to enforce the judgment or order appealed from pending the appeal” (CPLR 5519 [a]). Thus, in the case at bar, there was no automatic stay in effect preventing plaintiffs from enforcing the judgment in question, as such judgment was not the “judgment or order appealed from.”
In view of the foregoing, there was no basis for the court’s directive. We pass on no other issue.
Accordingly, the order dated February 24, 2011, insofar as appealed from, is reversed and the provision directing plaintiffs to place the sum of $52,450.42 in escrow within 10 days, failing which plaintiffs and their counsel could be subject to the imposition of sanctions or contempt is stricken.
Pesce, EJ., Weston and Rios, JJ., concur.