Matter of Doran Constr. Corp. v New York State Ins. Fund (2025 NY Slip Op 03716)

Matter of Doran Constr. Corp. v New York State Ins. Fund

2025 NY Slip Op 03716

Decided on June 18, 2025

Appellate Division, Second Department

Dillon, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-04045
 (Index No. 53743/21)

[*1]In the Matter of Doran Construction Corp., respondent, 
v
New York State Insurance Fund, appellant.

APPEAL by New York State Insurance Fund, in a proceeding pursuant to CPLR article 52 to enforce a money judgment as against New York State Insurance Fund, as a garnishee, from an order of the Supreme Court (James W. Hubert, J.), dated April 25, 2022, and entered in Westchester County. The order, insofar as appealed from, denied the cross-motion of New York State Insurance Fund to dismiss the petition or, in the alternative, to compel discovery.

Baxter & Smith, P.C., Hicksville, NY (Arthur J. Smith and Bryan Forbes of counsel), for appellant.
Bank, Sheer, Seymour & Hashmall, White Plains, NY (Daniel A. Seymour of counsel), for respondent.

DILLON, J.P.

OPINION & ORDER
Doran Construction Corp. (hereinafter Doran) commenced this proceeding in the Supreme Court pursuant to CPLR article 52 to enforce a money judgment as against New York State Insurance Fund (hereinafter the State Insurance Fund), as a garnishee. Typically, a claim for money damages against the State of New York must be litigated in the Court of Claims, and, as the State Insurance Fund is a state agency, a claim for money damages against the State Insurance Fund must also typically be litigated in the Court of Claims rather than in the Supreme Court. On the State Insurance Fund's appeal from an order that, among other things, denied its cross-motion, inter alia, to dismiss the petition, the main question we must address is whether the Supreme Court lacked subject matter jurisdiction over this proceeding. Answering this question, for which there is little precedent, we hold that the Supreme Court possessed subject matter jurisdiction over this proceeding.
I. Background
Pedro Morocho, a carpenter employed by Bipex Construction (hereinafter Bipex), allegedly sustained personal injuries when he fell from an unsecured extension ladder at a worksite. Morocho commenced an action to recover damages for personal injuries against Doran and another corporation. Doran commenced a third-party action against Bipex. Bipex was insured by the State Insurance Fund, and the State Insurance Fund defended Bipex in the litigation.
The Supreme Court, among other things, granted that branch of Morocho's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Doran and granted Doran's motion for summary judgment on the third-party cause of action for common-law indemnification against Bipex. Following a jury trial on the issue of damages, judgment was entered in the Supreme Court in favor of Morocho and against Doran in the principal sum of $19,360,138.02, plus prejudgment interest. [*2]That judgment also awarded indemnification in favor of Doran and against Bipex of any amount paid to Morocho by or on behalf of Doran.
Doran paid Morocho the sum of $1,190,849.32 with funds provided by its insurer, and there was a partial satisfaction of judgment to the extent of that amount. The State Insurance Fund paid this amount to Doran's insurer pursuant to the indemnity owed by Bipex to Doran. Doran thereafter made an additional payment in the amount $2,540.30 in partial satisfaction of the judgment.
Around this time, Morocho moved to compel Doran to comply with an outstanding information subpoena. In an affirmation submitted in opposition to Morocho's motion, Doran's attorney asserted that there had been negotiations with Morocho's attorneys. According to Doran's attorney, Morocho's attorneys were "attempting to have the judgment debtor [Doran] make additional payments towards satisfying the judgment . . . , which payments [Morocho's attorneys] claim[ ] would need to be reimbursed by . . . BiPex's statutory insurer, the State Insurance Fund." Doran's attorney, in his affirmation, continued that "[u]nder [Morocho's attorneys'] theory, this would begin a 'bucket brigade.' Every payment made by the judgment debtor [Doran] would then be reimbursed by the State Insurance Fund, which would then be paid back over to [Morocho]," presumably until the total judgment amount was paid. Doran's attorneys were skeptical of the legal effectiveness of this plan and "since the judgment debtor [Doran] has no further money or assets, wanted [Morocho's attorneys] to guarantee that if the judgment debtor [Doran] obtained funds somehow to start this 'bucket brigade,'" Doran would not be out any money that it did not have in the event the State Insurance Fund did not reimburse the payment or there was some other legal impediment. Morocho's attorneys refused to give such a guarantee.
In answer to the information subpoena, Doran listed bank assets of $2,594.35 and claimed to have sent a check in that amount to Morocho. The State Insurance Fund later indemnified Doran for one or possibly two of Doran's payments of approximately $2,500 to Morocho. During further motion practice, Doran's attorney asserted in an affirmation that Doran "has no assets from which to pay [the] judgment and is no longer operational or in business."
Thereafter, Doran made a payment to Morocho in the amount of $75,000. Soon after this payment, Morocho's attorneys wrote to the State Insurance Fund's attorneys, by email, informing them of the payment and stating that "[w]e anticipate further payments in a larger amount." A partial satisfaction of judgment for this payment was provided. Doran sought indemnification from the State Insurance Fund for the $75,000 payment. The State Insurance Fund failed to pay Doran for this amount.
Doran commenced this proceeding in the Supreme Court pursuant to CPLR article 52 to enforce a money judgment as against the State Insurance Fund, as a garnishee. The State Insurance Fund cross-moved to dismiss the petition or, in the alternative, to compel discovery. In an order dated April 25, 2022, the court, inter alia, denied the cross-motion. The court concluded, among other things, that dismissal for lack of subject matter jurisdiction was not warranted in light of CPLR 5207 and 5221(a)(4). The State Insurance Fund appeals.
For reasons set forth below, we affirm the order insofar as appealed from.
II. Appeal
The State Insurance Fund contends that the Supreme Court should have granted that branch of its cross-motion which was to dismiss the petition, since the court lacked subject matter jurisdiction over this proceeding and, moreover, the relief sought in the petition was contrary to law and public policy. The State Insurance Fund contends that, in the alternative, Doran should have been compelled to provide discovery relating to the source of the $75,000 payment.
The question of whether a court has subject matter jurisdiction is a question of whether the court has the power, conferred by constitution or statute, to entertain the case before it (see Cayuga Nation v Campbell, 34 NY3d 282, 291). Where it is lacking, subject matter jurisdiction may not be conferred on the court by the parties or created by the doctrines of laches or estoppel (see Matter of Metropolitan Transp. Auth., 32 AD3d 943, 944-945). Lack of subject matter jurisdiction is not waivable and may be raised at any stage or by the court on its own motion (see Financial Indus. Regulatory Auth., Inc. v Fiero, 10 NY3d 12, 17).
The Supreme Court has general original jurisdiction in law and equity (see NY Const, art VI, § 7[a]). It is competent to entertain all causes of action unless its jurisdiction has been specifically proscribed (see People v Correa, 15 NY3d 213, 227; Thrasher v United States Liab. Ins. [*3]Co., 19 NY2d 159, 166).
In preserving the State's historical sovereign immunity from suit, the Supreme Court cannot exercise jurisdiction over claims for money damages brought against the State. Instead, claims for money damages against the State must be initiated and tried in the Court of Claims (see People v Correa, 15 NY3d at 227-228; Pollicina v Misericordia Hosp. Med. Ctr., 82 NY2d 332, 338 n 3; Kagen v Kagen, 21 NY2d 532, 538; see generally NY Const, art VI, § 9). "The State Insurance Fund is a State agency which the Legislature vested with certain sovereign powers and the mantle of the State's sovereign immunities. As such, it is immune from suit in any forum other than the Court of Claims" (Commissioners of State Ins. Fund v Mathews & Sons Co., 131 AD2d 301, 301 [citation and internal quotation marks omitted]; see Guideone Specialty Mut. Ins. Co. v State Ins. Fund, 94 AD3d 700, 700-701; D'Angelo v State Ins. Fund, 48 AD3d 400, 402).
CPLR article 52 is entitled "Enforcement of Money Judgments." The enactment of CPLR article 52 "effected sweeping changes of both substance and procedure in the law relating to the satisfaction of money judgments" (Guardian Loan Co. v Early, 47 NY2d 515, 518). "The statute regulates the methods of enforcement and satisfaction of money judgments by, for example, exempting certain property, establishing liens and priority rules among creditors, imposing technical requirements for enforcement devices, and providing a flexible array of procedures for relief from violations of the statute" (Plymouth Venture Partners, II, L.P. v GTR Source, LLC, 37 NY3d 591, 599-600).
CPLR 5207 is entitled "Enforcement involving the state." That statute provides:
"None of the procedures for the enforcement of money judgments are applicable to a judgment against the state. All procedures for the enforcement of money judgments against other judgment debtors are applicable to the state, its officers, agencies and subdivisions, as a garnishee, except where otherwise prescribed by law, and except that an order in such a procedure shall only provide for the payment of moneys not claimed by the state, and no judgment shall be entered against the state, or any officer, department, board or commission thereof, in such a procedure. This section shall not be deemed to grant any court jurisdiction to hear and determine claims or actions against the state not otherwise given by law to such court" (id.).
A "'garnishee' is a person who owes a debt to a judgment debtor, or a person other than the judgment debtor who has property in his [or her] possession or custody in which a judgment debtor has an interest" (CPLR 105[i]).
In this proceeding, the State Insurance Fund is postured not as a judgment debtor but as a garnishee. As such, under CPLR 5207, all procedures for the enforcement of money judgments against other judgment debtors are applicable to it, as a garnishee, "except where otherwise prescribed by law" and except that an order "shall only provide for the payment of moneys not claimed by the [S]tate" and that no judgment may be entered against the State in such a procedure.
The State Insurance Fund has not shown that this proceeding is otherwise prescribed by law. To the contrary, CPLR 5221(a)(4) provides that the Supreme Court or a County Court has authority to hear enforcement proceedings "authorized by this article," meaning the entirety of CPLR article 52, which, of course, includes CPLR 5207 garnishment proceedings against the State. The other exceptions have not been shown to apply, either. Permitting CPLR article 52 procedures in a situation where the State claims the money "would amount to circumvention of the [S]tate's waiver of sovereign immunity" (Richard C. Reilly, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C5207:1). Here, however, it has not been shown that the State Insurance Fund claims the funds at issue where Doran seeks to garnish the State Insurance Fund's obligation to Bipex. Further, the question of whether a judgment should be entered is not before us on this appeal from the order denying the cross-motion to dismiss the petition or, in the alternative, to compel discovery. The petition seeks entry of an order, not a judgment. Thus, contrary to the State Insurance Fund's contention, we hold that the Supreme Court possessed subject matter jurisdiction over this proceeding pursuant to CPLR article 52 to enforce a money judgment as against the State Insurance Fund to the extent that the State's role in this instance is that of a garnishee.
Although there is little precedent on this issue, an opinion of the Appellate Division, [*4]Third Department, Matter of Bankers Trust Co. v State of N.Y. (Dept. of Audit & Control) (28 AD2d 272), from 1967, supports our conclusion. In Matter of Bankers Trust Co., the respondent correctly argued that execution against the State was unavailable under CPLR article 52 but also seemed to misconstrue CPLR 5207. The Third Department, quoting Weinstein, Korn & Miller's New York Civil Practice, explained that "[a]lthough CPLR 5207 renders the Article 52 enforcement provisions inapplicable to the State when the State is a judgment debtor, CPLR 5207 makes it clear that the State is subject to garnishment procedures when the State is not the judgment debtor" (Matter of Bankers Trust Co. v State of N.Y. [Dept. of Audit & Control], 28 AD2d at 273 [internal quotation marks omitted]). The Third Department, quoting Professor Siegel's CPLR Practice Commentary, continued that, "[u]nder the section it is clear that no enforcement procedures are available against the [S]tate as a judgment debtor. Where the [S]tate is a garnishee, however, the procedures provided in the article may be directed to the [S]tate as such, with the qualifications enumerated by the section" (id. [internal quotation marks omitted]). The reason that the State is treated differently as a garnishee than as a judgment debtor is that as a garnishee, it is only holding money for another—in this case Bipex—rather than holding money of its own for itself.
A decision of the County Court, Broome County, Matter of Butler v State of New York (47 Misc 2d 365, 366 [Broome County Ct]), from 1965, supports our conclusion as well. In Matter of Butler, the petitioner sought an order directed to the State as a garnishee. The State contended, among other things, that the County Court lacked jurisdiction. The County Court rejected this contention, explaining that "CPLR 5207 makes it clear that under no circumstances may an order be docketed as a judgment against the State nor may any other court be granted jurisdiction to hear and determine claims against the State of New York other than the Court of Claims" (id.). "Although article 52 enforcement provisions are inapplicable when the State is a judgment debtor, CPLR 5207 makes it clear that the State is subject to garnishment procedures when the State is not the judgment debtor" (id.). "However, the judgment creditor's ability to pursue the State as a garnishee is subject to the limitations that no judgment can be entered against the State in such a proceeding and that an order providing for the payment of money in a garnishment proceeding in which the State becomes involved can provide only for the payment of moneys not claimed by the State" (id.). "It is obvious to this court that this proceeding does not seek a judgment against the State as a judgment debtor but merely as a garnishee" (id.).
As noted, CPLR 5207 sets forth exceptions to the State being subject to CPLR article 52 procedures, and one such exception is that "no judgment shall be entered against the [S]tate, or any officer, department, board or commission thereof, in such a procedure." Under the language of this exception, the Supreme Court's jurisdiction extends only to the issuance of an order against the State as garnishee. If the State fails to comply with a garnishment order, the remedy would then lie at the Court of Claims for a CPLR article 78 proceeding in the nature of mandamus (see Richard C. Reilly, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C5207:1). While we are not bound by such secondary sources, as cited, we find the reasoning contained therein to be sound.
We reject the State Insurance Fund's further contention that the Supreme Court should have granted that branch of its cross-motion which was to dismiss the petition on the ground that the petition was against law and public policy. In essence, the State Insurance Fund contends that, in light of the prior statements of Doran's attorney about a "'bucket brigade'" and about Doran having no more assets and no longer being in business, Doran now must be engaging in a scheme to evade the exclusivity of the Workers' Compensation Law remedy (see generally Reich v Manhattan Boiler & Equip. Corp., 91 NY2d 772). "Where evidentiary material is submitted and considered on a motion to dismiss a pleading pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one, and unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Jackson v Bank of Am., N.A., 149 AD3d 815, 820; see generally CPLR 404[a]). Here, the State Insurance Fund has not established that dismissal is warranted under this standard.
Finally, the Supreme Court properly denied that branch of the State Insurance Fund's cross-motion which was, in the alternative, to compel Doran to provide certain discovery. "In a special proceeding, where disclosure is available only by leave of the court, the Supreme Court has broad discretion in granting or denying disclosure, although it must balance the needs of the party seeking discovery against such opposing interests as expediency and confidentiality" (Matter of [*5]Bramble v New York City Dept. of Educ., 125 AD3d 856, 857 [citations omitted]; see CPLR 408). We discern no improvident exercise of the court's broad discretion in its denial of disclosure here.
Accordingly, the order is affirmed insofar as appealed from.
WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ORDERED that the order is affirmed insofar as appealed from, with costs.
ENTER:
Darrell M. Joseph
Clerk of the Court