James v Hallen, Co. (2025 NY Slip Op 51657(U))

[*1]

James v Hallen, Co.

2025 NY Slip Op 51657(U)

Decided on October 10, 2025

Civil Court Of The City Of New York, Queens County

Lane, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 10, 2025

Civil Court of the City of New York, Queens County

Marvin James and Vanessa James, Plaintiffs,

against

Hallen, Co. and National Grid, Defendants.

Index No. CV-029461-24/QU

Plaintiffs Pro Se:
Marvin James and Vanessa James

Defendant/Attorney:
Conway, Farrell, Curtin & Kelly, P.C. Firm
48 Wall Street, 25th Floor
New York, New York 10005

Peter F. Lane, J.

The following numbered papers were read on this motion by defendants for summary judgment (CPLR 3212), and to dismiss the complaint based upon the lack of subject matter jurisdiction and the failure to state a cause of action.

Papers Numbered
Notice of Motion, Affirmation, Exhibits, Service. 1-4
Affirmation in Opposition, Exhibits, Service 5-6
Affirmation in Reply, Service 7-8
Upon the foregoing papers it is ordered that this motion for summary judgment and to dismiss the complaint is determined as follows:

Plaintiffs commenced this action in 2024 to compel defendants to restore gas supply to the property located at 190-25 117th Road, Saint Albans, NY 11412 (the "Property") and for alleged consequential or incidental damages in the amount of $50,000.00 due to frozen pipes, emotional distress, the unlawful use of Vanessa J.'s name and other related expenses. Defendants' verified answer denies the substantive allegations of the complaint and asserts various affirmative defenses.

After joinder of issue, plaintiffs filed a motion seeking an Order to restore gas service to the Property, which is the ultimate relief in the action. The motion was denied by Order dated August 18, 2025 (Doshi, J.), upon the grounds that the Civil Court is a court of limited jurisdiction that only possesses subject matter jurisdiction over such cases as authorized by law (see NY Const art VI, § 15), and plaintiffs failed to identify legal authority that confers jurisdiction on the Civil Court for the equitable relief demanded, i.e., an Order directing a utility company to restore gas services to a residential customer. The Court further found that defendants had stated valid defenses to the motion and, contrary to legal procedure, plaintiffs [*2]motion sought legal relief that was tantamount to partial summary judgment, but without their filing a summary judgment motion (CPLR 3212).

Turning to the branch of defendants' motion to dismiss the complaint upon the grounds that this Court lacks subject matter jurisdiction, it is well settled that the lack of subject matter jurisdiction is not a waivable defense, and it may be raised at any time in the course of litigation (see Financial Indus Regulatory Auth., Inc. v Fiero, 10 NY3d 12, 16-17 [2008]; Matter of Doran Constr. Corp. v New York State Ins. Fund, — AD3d —, 2025 NY Slip Op 03716, *6; 238 NYS3d 195 [2d Dept 2025]). On a motion to dismiss the complaint, the Court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Granizo v Krystal Fruits & Vegetables, Inc., 238 AD3d 719 [2d Dept 2025]; Beach 50th St., LLC v Peninsula Rockaway Ltd. Partnership, 187 AD3d 1114, 1116 [2d Dept 2020]).

In support of the motion defendants submit, inter alia, a copy of the pleadings, the affirmation of counsel, a copy of the papers submitted on plaintiffs' prior motion together with a copy of a June 2025 Order directing discovery. Defendants submit the affidavit of Lauren B., an employee of National Grid and Senior Analyst with Brooklyn Union Gas who is familiar with the procedures for supplying gas services to customers and, specifically, the records for plaintiffs' gas services which indicate that a new gas main was being installed in the street for the subject Property approximately during the fall of 2024. Lauren B. states that notices of the new installation were provided to the affected customers; that access was requested to all properties including plaintiffs' property so that the old gas main line could be transferred to the new gas main line; that plaintiffs denied their workers access to the Property on three dates, to wit, November 9, 2024, November 12, 2024 and November 19, 2024; that a complaint made by plaintiffs to the New York State Public Service Commission was responded to by Brooklyn Union Gas; that plaintiffs were duly advised of the procedures for undergoing the reconnection process for a new gas main line to the Property and that the old gas main line must be cut off due to safety/carbon monoxide concerns. Lauren B. further states that the Public Service Commission responded to plaintiffs' complaint by e-mail on April 30, 2025 and explained the process they must follow for the reconnection of gas services. Finally, Brooklyn Union Gas sent additional letters to plaintiffs seeking access to the Property on February 18, 2025, March 18, 2025, April 18, 2025, May 14, 2025 and June 16, 2025 that were not responded to. Corroborating documentation is annexed to Lauren B.'s affirmation.

Defendants also submit the affirmation of Peter R., an employee and Foreman of Hallen Construction Co. ("Hallen") who is familiar with Hallen's work records, equipment and job processes, including the work records associated with the job site that included the subject Property. Peter R. affirms that Hallen was hired to install a new gas main line on the street that included the Property; that the old gas main line on the street was retired and service was being transferred to the new gas main line; that Hallen was required to purge carbon monoxide from the old gas line and that each customer's gas line had to be cut and "capped" to prevent nitrogen or carbon monoxide from entering their properties; that Hallen needed permission from National Grid as well as each customer to gain access to their properties to perform the necessary work; that the owners and/or occupants of the plaintiffs' Property refused to grant Hallen access to service the gas line in their basement and, to date, the written permissions from plaintiffs have neither been completed nor provided.

In opposition to the motion for summary judgment, plaintiffs submit an affirmation [*3]wherein they contend that the New York City Civil Court does has jurisdiction over this action because both defendants are private companies that do business in the local area. They further point out that defendants continue to advise them to sign a proposal that would "absolve them of any wrongdoing." Plaintiffs aver that they have evidence consisting of videos, pictures and voice recordings that are necessary to prove this case.

The question of whether a court has subject matter jurisdiction is a question of whether the court has the power, conferred by constitution or statute, to entertain the case before it (see Matter of Ballard v HSBC Bank USA, 6 NY3d 658, 663 [2006]; Matter of Doran Constr. Corp., — AD3d —, 2025 NY Slip Op 03716 at *6, 238 NYS3d at 195, quoting Cayuga Nation v Campbell, 34 NY3d 282, 291 [2019]). Where it is lacking, subject matter jurisdiction may not be conferred on the court by the parties, and a judgment issued without subject matter jurisdiction is void (see Manhattan Telecom Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203 [2013]; Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 129-130 [2d Dept 2018]; Matter of Metropolitan Transp. Auth., 32 AD3d 943, 944-945 [2d Dept 2006]).

The Civil Court is a court of limited jurisdiction which only possesses subject matter jurisdiction over such cases as limited and provided by the New York State Constitution (NY Const, art VI, § 15) and the New York City Civil Court Act (NY City Civ Ct Act § 201 et seq.). Looking to the nature of plaintiff's claim to determine whether it fits within the court's subject matter jurisdiction (see e.g. Severini v Department of Envtl. Protection, 80 Misc 3d 1214[A] [Civ Ct, New York County 2023]), it is evident that plaintiffs seek equitable relief in the form of court Order or writ of mandamus, directing defendants National Grid and Hallen to restore gas services, and to award incidental or consequential damages for their untimely failure to have done so.

As a general rule, except for those enumerated actions pertaining to the enforcement of housing standards (NY City Civ Ct Act § 104 [a] [4] and § 203) and certain provisional remedies in conjunction with actions to recover a chattel, or prevention of waste (RPAPL § 211), or an enforcement proceedings for collection of damages (NY City Civ Ct Act § 1508), or enforcement of housing standards for multiple dwellings (NY City Civ Ct Act § 209 [b]), the Civil Court is without subject matter jurisdiction to entertain a plaintiff's cause of action seeking equitable relief (see e.g. Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 129 [2d Dept 2018]; A.B. Medical Services, PLLC v MVAIC, 41 Misc 3d 32, 35 [App Term, 2d Dept, 9th & 10th Jud Dists, 2d Dept 2013]). Further, the additional jurisdiction and powers conferred on the Civil Court that it "shall have all of the powers that the Supreme Court would have in like actions and proceedings" (NY City Civ Ct Act § 212) does not confer upon it equitable powers not expressly granted elsewhere by statute. The Supreme Court, by contrast, has general original jurisdiction over all actions at law and in equity (NY Const, art VI, § 7 [a]). This Court finds that it does not possess subject matter jurisdiction over the equitable relief demanded in plaintiff's complaint, namely, a court Order mandating and directing defendant to immediately restore gas services to the Property, and to award incidental and consequential damages that flow from their alleged, untimely failure to have done so.

More significantly, pursuant to the doctrine of primary jurisdiction, where there is an administrative agency which has the discretion and necessary expertise to dispose of an issue, such as claims regarding utility services and business practices, the "resort to a judicial tribunal should be withheld pending resolution of the administrative proceeding" (Calle v National Grid USA Serv. Co., Inc., 230 AD3d 556, 557 [2d Dept 2024], quoting 150 Greenway Terrace, LLC v [*4]Gole, 37 AD3d 792, 793 [2d Dept 2007]; see Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22 [1982]; see also e.g. Riverdale Jewish Ctr. v Brooklyn Union Gas Co., 237 AD3d 414, 415 [1st Dept 2025]; Campbell v National Grid, 2013 NY Slip Op 31142[U] [Sup Ct, Queens County 2013]). Here, the Public Service Commission has the authority to "order a public utility company or municipality to initiate, continue or restore service to a residential customer, whenever a reasonable question regarding the circumstances of a termination or refusal of service exists" (Public Service Law § 23 [3]; see also Public Service Law § 4). Accordingly, plaintiffs' resort to judicial intervention should be withheld until the resolution of the available administrative remedy with respect to National Grid, since National Grid is a utility company regulated by the Public Service Commission. Plaintiffs fail to demonstrate they have exhausted the Public Service Commission's administrative process (Public Service Law § 66) and, therefore, the Public Service Commission still has primary jurisdiction over the relief requested.

Based upon the pleadings and papers submitted, the Court finds that defendants have made a prima facie showing of entitlement to dismissal of plaintiffs' action upon the grounds that this Court lacks subject matter jurisdiction over the relief demanded in the complaint. In opposition, the plaintiffs' pleadings, papers and evidence fail to rebut same.

Accordingly, the branch of defendants' motion to dismiss plaintiffs' complaint upon the grounds that the New York City Civil Court lacks subject matter jurisdiction over this action is granted, and plaintiffs' complaint is dismissed. The remaining balance of defendants' motion seeking dismissal on other grounds and summary judgment are denied as academic.

Defendants shall serve a copy of this Decision and Order with notice of entry upon the plaintiffs via first class mail within 14 days after the entry date of this Decision and Order, and defendants shall file proof of service with the Court.

This is the Decision and Order of the Court.

Date: October 10, 2025
Hon. Peter F. Lane, JCC