■ STAVER COMPANY, INC., Respondent, v ALFRED SKROBISCH et al., Appellants.—In an action, *inter alia,* for a judgment declaring that the plaintiff is the owner of an invention known as the three position dot, the defendants appeal from an order of the Supreme Court, Suffolk County (Hand, J.), dated May 13, 1988, which denied their motion to dismiss the complaint.

Ordered that the order is modified, by deleting the provision denying that branch of the defendant's motion which was to dismiss the plaintiff's cause of action for a permanent injunction and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration *(see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.13). We find that the court properly concluded that the plaintiff has sufficiently invoked its aid in assessing the parties' respective proprietary rights in an invention *(see,* CPLR 3001; *Cahill v Regan,* 5 NY2d 292).

Despite the outstanding issues of fact regarding the parties' respective proprietary rights, the plaintiff has sufficiently alleged a claim of ownership to state a cause of action for damages for conversion *(see, C.B. W. Fin. Corp. v Computer Consoles,* 122 AD2d 10, 12; *Gold Medal Prods. v Interstate Computer Servs.,* 80 AD2d 600). However, we find that the plaintiff's allegations of lost profits resulting from the assignment by the defendant Alfred Skrobisch of his rights to the three position dot are insufficient as a matter of law to set forth a cause of action for a permanent injunction. The plaintiff may adequately redress any financial loss, if declared to be the owner of the subject invention, by pursuing an action for damages *(see, Kane v Walsh,* 295 NY 198, 205-206; *Thomas v Musical Mut. Protective Union,* 121 NY 45). Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.