■ ASMA AHMAD et al., Appellants, v NASSAU HEALTH CARE CORPORATION, Respondent. [779 NYS2d 520]—

In an action, inter alia, for wrongful termination of employment, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered June 13, 2003, which granted the defendant's motion for summary judgment dismissing the cause of action alleging a violation of Public Authorities Law § 3403 (1) (d).

Ordered that the order is affirmed, with costs.

The plaintiffs, five physicians previously employed by Nassau University Medical Center (hereinafter the Medical Center), and their union commenced this action to challenge the layoffs of the physicians, which were effective as of June 15, 2001, and the layoffs of similarly-situated employees, by the defendant Nassau Health Care Corporation (hereinafter the NHCC). NHCC was created as a public benefit corporation and public employer under Public Authorities Law, article 10-C, title 2, § 3400 *et seq.*, pursuant to which all facilities and operations, as well as certain employees, of the Medical Center were transferred from Nassau County to the NHCC on or about September 29, 1999. At issue is whether the Supreme Court properly granted NHCC's motion for summary judgment dismissing the cause of action alleging a violation of Public Authorities Law § 3403 (1) (d). We affirm.

Public Authorities Law § 3403 (1) (d) provides that: "There

shall be no layoffs of any officers or employees of the Nassau Health Care Corporation which are a direct consequence of the enactment of this title. There shall be a presumption that any layoffs occurring more than twenty-four months after the effective transfer date . . . shall be deemed not to be such a direct consequence."

Contrary to the plaintiffs' contention, Public Authorities Law § 3403 (1) (d) contains no implied private right of action. When, as here, a statute does not provide an express private right of action, the courts will imply a private right of action only upon examination of the following three factors: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" (*Sheehy v Big Flats Community Day*, 73 NY2d 629, 633 [1989]; *see Uhr v East Greenbush Cent. School Dist.*, 94 NY2d 32 [1999]). A review of Public Authorities Law § 3400 *et seq.* and its legislative history establishes that the plaintiffs' claim does not meet any of these requirements for recognizing an implied private right of action (*see* Public Authorities Law § 3400 *et seq.* as added by L 1997, ch 9).

With respect to the first factor delineated in *Sheehy (supra)*, the NHCC was created for the benefit of the residents of the State of New York and County of Nassau to provide quality health care by permitting the NHCC to compete with other providers in the market (*see* Public Authorities Law § 3401 [1], [2]). The plaintiffs were not among the class for whose particular benefit the statute was enacted. While Public Authorities Law § 3403 set forth a plan for maintaining the status quo in hospital personnel during the transition in ownership, and Public Authorities Law § 3403 (1) (d) prohibited layoffs as a direct consequence of the creation of the NHCC, there was no indication that the statute specifically was intended to benefit the plaintiffs. Although Public Authorities Law § 3403 (2) provides for the continuation of rights under existing collective bargaining agreements, the plaintiffs did not have layoff rights under their collective bargaining agreement (*see Ahmad v Nassau Health Care Corp.*, 300 AD2d 327 [2002]). Thus, we conclude that Public Authorities Law § 3403 (1) (d) was not intended to benefit them.

With respect to the second factor delineated in *Sheehy (supra)*, recognizing that the plaintiffs have a private right of action to contest their layoffs would not promote the stated legislative purpose to provide NHCC with greater managerial and operat-

ing flexibility than previously possessed by Nassau County and to benefit patients in the process (*see* Public Authorities Law § 3401 [1]). The layoff provision in Public Authorities Law § 3403 (1) (d) should be read in conjunction with Public Authorities Law § 3403 (1) (e), which provides that "[n]othing contained in this section shall be construed to prevent the elimination of any service at any time as a result of the elimination of state or federal assistance, the elimination of available revenue reimbursement, loss of certification or licensure, or loss of financial viability." Although enforcement of the statute by the plaintiffs might benefit patients by increasing the number of available physicians, recognizing a private right of action would hinder the legislative objectives by forcing the NHCC to privately litigate its business decisions.

The third factor delineated in *Sheehy (supra),* whether creation of a private right of action would be consistent with the legislative scheme, is considered the most critical factor in determining whether a private cause of action may be implied (*see Mark G. v Sabol,* 93 NY2d 710, 720 [1999]). Indeed, "a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature or with some other aspect of the over-all statutory scheme" (*Sheehy v Big Flats Community Day, supra* at 634-635). Public Authorities Law § 3400 *et seq.* expressly provides for private rights of action against the NHCC in two instances, in lawsuits by bondholders (*see* Public Authorities Law § 3408) and in tort actions (*see* Public Authorities Law § 3415). In addition, Public Authorities Law § 3403 (2) preserves existing collective bargaining agreements and the rights of employees thereunder, and Public Authorities Law § 3403 (4) expressly provides that the NHCC "shall be subject to the civil service law." However, we discern no legislative intent in the statute to create a private right of action by employees to enforce Public Authorities Law § 3403 (1) (d).

In any event, the NHCC submitted prima facie evidence in support of its motion for summary judgment that the plaintiffs were not "laid off" as a "direct consequence" of the enactment of Public Authorities Law § 3400 *et seq.* in violation of Public Authorities Law § 3403 (1) (d); rather the layoffs addressed an escalating financial crisis that existed before the creation of the NHCC. In opposition, the plaintiffs merely speculated that Nassau County would have continued to cover the Medical Center's debts indefinitely, which was insufficient to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]).

Accordingly, the Supreme Court properly granted NHCC's

motion for summary judgment dismissing the cause of action alleging a violation of Public Authorities Law § 3403 (1) (d).

The plaintiffs' remaining contention is without merit. Florio, J.P., Luciano, Townes and Fisher, JJ., concur.