■ RABIA MIR, Respondent, v COUNTY OF NASSAU, Defendant, and NASSAU HEALTH CARE CORPORATION, Appellant. [781 NYS2d 150]—

In an action, inter alia, to recover damages for wrongful termination of employment, the defendant Nassau Health Care Corporation appeals from an order of the Supreme Court, Nassau County (Peck, J.), dated April 8, 2003, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it and for the imposition of a sanction pursuant to 22 NYCRR 130-1.1 (a) on the plaintiff.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant's motion which was for summary judgment dismissing the complaint

insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellant, and the complaint is dismissed insofar as asserted against the appellant.

Contrary to the plaintiff's contention, there is no private right of action by employees to enforce Public Authorities Law § 3403 (1) (d) (*see Ahmad v Nassau Health Care Corp.,* 8 AD3d 512 [2004]).

The appellant made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted no evidence that her termination was a "layoff" within the meaning of the statute or was a "direct consequence" of the enabling legislation (Public Authorities Law § 3403 [1] [d]).

However, the Supreme Court properly denied that branch of the appellant's motion which was for the imposition of a sanction pursuant to 22 NYCRR 130-1.1 (a) on the plaintiff (*see Matter of Gavilanes v Dilan,* 281 AD2d 546 [2001]). Krausman, J.P., Luciano, Cozier and Spolzino, JJ., concur.