◼ INDYMAC VENTURE, LLC, Appellant, v MAHENDRA NAGESSAR et al., Defendants, and RESIDENTIAL CREDIT SOLUTIONS, INC., Respondent. [995 NYS2d 144]—

In an action, inter alia, for a judgment declaring that the plaintiff has an equitable lien on property located in Kings County and designated on the tax map of the City of New York as block 3216, lot 6, that is superior to any lien on that property held by the defendant Residential Credit Solutions, Inc., the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 26, 2013, which granted the motion of the defendant Residential Credit Solutions, Inc., pursuant to CPLR 3211 (a) (1) and (7), in effect, to dismiss so much of the complaint as sought a judgment declaring that the plaintiff has an equitable lien on the subject property that is superior to any lien on that property held by that defendant.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Residential Credit Solutions, Inc., pursuant to CPLR 3211 (a) (1) and (7), in effect, to dismiss so much of the complaint as sought a judgment declaring that the plaintiff has an equitable lien on property located in Kings County and designated on the tax map of the City of New York as block 3216, lot 6, that is superior to any lien on that property held by that defendant is denied.

A motion to dismiss a cause of action pursuant to CPLR 3211 (a) (1) may be granted only if "documentary evidence utterly refutes [the] plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Whitebox Concen-*

*trated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012] [internal quotations marks and citations omitted]). On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), a court must "accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*id.* at 63 [internal quotation marks omitted]).

"A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration" (*Staver Co. v Skrobisch*, 144 AD2d 449, 450 [1988]). Accordingly, where a cause of action is sufficient to invoke the court's power to "render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy" (CPLR 3001; *see* 3017 [b]), a motion to dismiss that cause of action should be denied (*see St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.*, 20 NY2d 317, 325 [1967]; *State Farm Mut. Auto. Ins. Co. v Anikeyeva*, 89 AD3d 1009 [2011]; *see also* 5-3001 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3001.13).

Here, with respect to that branch of the motion of Residential Credit Solutions, Inc. (hereinafter Residential Credit), which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint, the documentary evidence submitted by Residential Credit failed to utterly refute the plaintiff's claim that it is entitled to a judgment declaring that it has an equitable lien on property located in Kings County and designated on the tax map of the City of New York as block 3216, lot 6, that is superior to any lien on that property held by Residential Credit (*see Zellner v Odyl, LLC*, 117 AD3d 1040 [2014]). With respect to that branch of Residential Credit's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint, Residential Credit failed to demonstrate that the declaratory judgment cause of action does not present a justiciable controversy sufficient to invoke the Supreme Court's power to render a declaratory judgment (*see State Farm Mut. Auto. Ins. Co. v Anikeyeva*, 89 AD3d at 1011).

Accordingly, the Supreme Court erred in granting Residential Credit's motion pursuant to CPLR 3211 (a) (1) and (7), in effect, to dismiss so much of the complaint as sought a judgment declaring that the plaintiff has an equitable lien on property located in Kings County and designated on the tax map of the City of New York as block 3216, lot 6, that is superior to any

lien on that property held by Residential Credit. Rivera, J.P., Hall, Austin and Roman, JJ., concur.