Laundry Palace U, Inc. v Nassau County (2020 NY Slip Op 03005)





Laundry Palace U, Inc. v Nassau County


2020 NY Slip Op 03005


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-05551
 (Index No. 606848/17)

[*1]Laundry Palace U, Inc., et al., appellants,
v
Nassau County, et al., respondents.


Okun & Churneftsky, LLP, New York, NY (John M. Churneftsky of counsel), for appellants.
Jared A. Kasschau, County Attorney, Mineola, NY (Robert F. Van der Waag and Andrew R. Scott of counsel), for respondents.



DECISION & ORDER
In an action for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered April 2, 2018. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is denied.
The plaintiffs commenced this action seeking declaratory and injunctive relief. In the complaint, the plaintiffs alleged that certain provisions of Nassau County Administrative Code, chapter XXI, title D-21-Drycleaners and Laundromats were unconstitutional, unconstitutionally vague, served no legitimate purpose, and lacked any substantial relationship to the legislative intent. The Supreme Court granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint. The plaintiffs appeal.
" A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable disposition'" (Matter of Tilcon, N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150, quoting Staver Co. v Skrobisch, 144 AD2d 449, 450; see Rockland Light & Power Co. v City of New York, 289 NY 45, 51; Law Research Serv. v Honeywell, Inc., 31 AD2d 900, 901; Verity v Larkin, 18 AD2d 842). "[W]here a cause of action is sufficient to invoke the court's power to render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy' (CPLR 3001; see CPLR 3017[b]), a motion to dismiss that cause of action should be denied" (Matter of Tilcon, N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150; see Guthart v Nassau County, 178 AD3d 777; Staver Co. v Skrobisch, 144 AD2d at 450).
Here, the complaint was sufficient to invoke the court's power to render a declaratory judgment as to the rights and other legal relations of the parties to a justiciable controversy (see CPLR 3001; Staver Co. v Skrobisch, 144 AD2d at 450). A complaint will not be dismissed pursuant to CPLR 3211(a)(7) merely because the plaintiffs may not be entitled to a declaration in their favor [*2](see Rockland Light & Power Co. v City of New York, 289 NY at 51; Verity v Larkin, 18 AD2d at 842). Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court