Beach 50th St., LLC v Peninsula Rockaway Ltd. Partnership (2020 NY Slip Op 06084)





Beach 50th St., LLC v Peninsula Rockaway Ltd. Partnership


2020 NY Slip Op 06084


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-04497
 (Index No. 706910/17)

[*1]Beach 50th Street, LLC, etc., appellant,
v
Peninsula Rockaway Limited Partnership, etc., et al., respondents, et al., defendant.


Michelman & Robinson, LLP, New York, NY (Jeremy D. Richardson of counsel), for appellant.
Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz of counsel), for respondents.



DECISION & ORDER
In an action for a judgment declaring that the plaintiff has an easement over certain property owned by the defendants Peninsula Rockaway Limited Partnership and Peninsula Rockaway Housing Development Fund Corp., and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered February 13, 2018. The order granted the motion of the defendants Peninsula Rockaway Limited Partnership and Peninsula Rockaway Housing Development Fund Corp. pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Peninsula Rockaway Limited Partnership and Peninsula Rockaway Housing Development Fund Corp. pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them is denied.
The plaintiff is the owner of a nursing and rehabilitation center in Queens County. In May 2017, the plaintiff commenced this action seeking, inter alia, a judgment declaring that it had an implied easement by preexisting use and an easement by prescription over certain property owned by the defendants Peninsula Rockaway Limited Partnership and Peninsula Rockaway Housing Development Fund Corp. (hereinafter together the defendants). The plaintiff alleged that it used the disputed property as a parking lot for its employees and for visitors to its nursing center. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them. In an order entered February 13, 2018, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
A motion to dismiss the complaint pursuant to CPLR 3211(a)(1) based on documentary evidence may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106). To qualify as documentary evidence within the meaning of CPLR 3211(a)(1), the evidence "must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851 [citation and internal quotation marks omitted]). Here, the evidence submitted by the defendants in support of their [*2]motion either did not constitute documentary evidence within the intendment of CPLR 3211(a)(1) (see Nero v Fiore, 165 AD3d 823, 826), or failed to conclusively dispose of the plaintiff's causes of action for a judgment declaring that it has an implied easement by preexisting use and an easement by prescription (see XXXX, L.P. v 363 Prospect Place, LLC, 153 AD3d 588, 590). Therefore, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them.
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883). "'A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration'" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150, quoting Staver Co. v Skrobisch, 144 AD2d 449, 450; see Rockland Light & Power Co. v City of New York, 289 NY 45, 51; Laundry Palace U, Inc. v Nassau County, 183 AD3d 879, 880). Thus, "where a cause of action is sufficient to invoke the court's power to 'render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy' (CPLR 3001; see CPLR 3017[b]), a motion to dismiss that cause of action should be denied" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150; see Laundry Palace U, Inc. v Nassau County, 183 AD3d at 880).
Here, the allegations of the complaint were sufficient to invoke the court's power to render a declaration resolving a justiciable controversy between the parties (see CPLR 3001; Laundry Palace U, Inc. v Nassau County, 183 AD3d at 880; M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner, 126 AD3d 857, 858-859; Staver Co. v Skrobisch, 144 AD2d at 450). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court