WMC Realty Corp. v City of Yonkers (2021 NY Slip Op 02440)





WMC Realty Corp. v City of Yonkers


2021 NY Slip Op 02440


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-01113
 (Index No. 65933/17)

[*1]WMC Realty Corp., etc., et al., appellants,
v
City of Yonkers, et al., respondents.


Stephen A. Cerrato, Yonkers, NY (Brian William Warwick, pro hac vice, of counsel), for appellants.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carrone, LLP, White Plains, NY (Robert A. Spolzino of counsel), for respondents.



DECISION & ORDER
In a putative class action, inter alia, for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Helen Blackwood, J.), dated December 13, 2018. The order, insofar as appealed from, granted those branches of the defendants' motion pursuant to CPLR 3211(a)(7) which were to dismiss the third, fourth, fifth, and sixth causes of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion pursuant to CPLR 3211(a)(7) which was to dismiss the sixth cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In October 2017, the plaintiffs, WMC Realty Corp. and T.A.C. Realty Corp., commenced this putative class action against the defendants, City of Yonkers, Yonkers City Council, and Mike Spano, the City's mayor, alleging, inter alia, that although the plaintiffs were required to pay an annual inspection fee pursuant to the New York State Uniform Fire Prevention and Building Code (hereinafter the Uniform Code) (see Executive Law § 370 et seq.) and the Yonkers Fire and Building Code (hereinafter the Yonkers Fire Code) (see Yonkers Fire Code § 55-1 et seq.), the defendants failed to ensure that the annual inspections were performed as required by Yonkers Fire Code § 55-7. The plaintiffs asserted causes of action, inter alia, to recover damages for breach of contract (third cause of action), negligence (fourth cause of action), and breach of fiduciary duty (fifth cause of action), and for a judgment, among other things, declaring that the Yonkers Fire Code provisions requiring the plaintiffs to pay the inspection fee is a violation of the New York State Constitution (sixth cause of action). The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. By order dated December 13, 2018, the Supreme Court, inter alia, granted the defendants' motion and directed dismissal of the complaint in its entirety. The plaintiffs appeal from so much of the order as directed dismissal of the third, fourth, fifth, and sixth causes of action.
The Supreme Court properly determined that neither the Uniform Code nor the Yonkers Fire Code creates a private right of action. In 1981, the New York State Legislature (hereinafter the legislature) enacted the Uniform Fire Prevention and Building Code Act (hereinafter [*2]the Uniform Act), providing, inter alia, for local enforcement of a uniform code addressing building constructions and fire prevention (see Executive Law § 371; Town of Carmel v Melchner, 105 AD3d 82, 100). Executive Law § 381(1) provides that "[t]he secretary of state shall promulgate rules and regulations prescribing minimum standards for administration and enforcement of the [Uniform Code]." Pursuant to the regulations promulgated by the secretary of state, "[e]very city, village, town, and county" must enact such "local law, ordinance or other appropriate regulation" as necessary to administer and enforce the Uniform Code, including, inter alia, fire safety and property maintenance inspections (19 NYCRR 1203.2[a]; see 19 NYCRR 1203.3). "Buildings shall be subject to periodic inspections for compliance with the Uniform Code on a yearly basis" (19 NYCRR 1202.4[b]). Executive Law § 381(2) provides that "[l]ocal governments or counties may charge fees to defray the costs of administration and enforcement."
The City of Yonkers enacted the Yonkers Fire Code to implement, enforce, and administer the Uniform Code (see Yonkers Fire Code § 55-3). "In order to pay for the City of Yonkers Fire and Building Safety Inspection Program, pursuant to which authorized officers and employees of the City of Yonkers inspect residential and business and commercial properties to ensure compliance with applicable codes," the Yonkers Fire Code established a schedule of fees for classes of occupancies (Yonkers Fire Code § 55-7).
The Uniform Act provides the secretary of state with enforcement authority if the secretary determines that a local government failed to administer and enforce the Uniform Code in accordance with minimum standards (see Executive Law § 381[4]).
"Where, as here, a statute does not explicitly provide for a private right of action, recovery may only be had under the statute if a legislative intent to create such a right of action may 'fairly be implied' in the statutory provisions and their legislative history" (Kamins v United Healthcare Ins. Co. of N.Y., Inc., 171 AD3d 715, 716, quoting Sheehy v Big Flats Community Day, 73 NY2d 629, 633). This inquiry involves three factors: "'(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme'" (Haar v Nationwide Mut. Fire Ins. Co., 34 NY3d 224, 229, quoting Sheehy v Big Flats Community Day, 73 NY2d at 633). "The third factor is often noted to be the 'most important'" (Ader v Guzman, 135 AD3d 671, 673, quoting Cruz v TD Bank, N.A., 22 NY3d 61, 70).
Where, as here, administrative enforcement of the statute was contemplated by the legislature, "'[t]he question then becomes whether, in addition to administrative enforcement, an implied private right of action would be consistent with the legislative scheme'" (AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 16, quoting Uhr v East Greenbush Cent. School Dist., 94 NY2d 32, 40).
Here, the plaintiffs are not members of a class for whose particular benefit the statutes were enacted (see Ahmad v Nassau Health Care Corp., 8 AD3d 512, 513; Hudes v Vytra Health Plans Long Is., 295 AD2d 788, 789). Executive Law § 371(2)(b) declares that it is the public policy of the state to, inter alia, "[p]rovide for the promulgation of a uniform code addressing building construction and fire prevention in order to provide a basic minimum level of protection to all people of the state from hazards of fire and inadequate building construction." Similarly, the Yonkers Fire Code provides that its purpose, inter alia, is to "establish reasonable safeguards for the safety, health and welfare of the occupants and users of the buildings, land, staging and structures" (Yonkers Fire Code § 55-3). Accordingly, the Uniform Code and the Yonkers Fire Code were enacted to benefit the general public, and not to benefit a particular class of persons (see Pelaez v Seide, 2 NY3d 186, 200).
Further, as Executive Law § 381(4) empowers the Secretary of State to take a number of actions to ensure local government compliance (see Town of Carmel v Melchner, 105 AD3d at 100), the creation of a private right of action would not be consistent with the legislative scheme (see [*3]generally Cruz v TD Bank, N.A., 22 NY3d at 72; Sheehy v Big Flats Community Day, 73 NY2d at 635).
Although the plaintiffs' causes of action are based on the defendants' alleged violations of the Uniform Code and the Yonkers Fire Code and neither creates a private right of action, under the circumstances here, that does not end the analysis. In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), we must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Izmirligil v Steven J. Baum, P.C., 180 AD3d 767, 770).
Nonetheless, dismissal of the cause of action alleging breach of contract was properly granted. The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see Meyer v New York-Presbyterian Hosp. Queens, 167 AD3d 996, 997; Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d 891, 893). The defendants established that neither the Uniform Code nor the Yonkers Fire Code constitute a valid contract with the plaintiffs (see Meyer v New York-Presbyterian Hosp. Queens, 167 AD3d at 997; Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d at 893). Contrary to the plaintiffs' contentions, Yonkers Fire Code § 55-7 does not provide that the defendants will provide fire and safety inspections in exchange for an annual fee. Instead, it merely established a "schedule of fees for classes of occupancies inspected" to offset the cost of administering and enforcing the program (Yonkers Fire Code § 55-7[A]; see Executive Law § 381[2]).
Dismissal of the cause of action alleging negligence also was properly granted. "'When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose'" (Turturro v City of New York, 28 NY3d 469, 477, quoting Applewhite v Accuhealth, Inc., 21 NY3d 420, 425). "A government entity performs a purely proprietary role when its activities essentially substitute for or supplement traditionally private enterprises" (Applewhite v Accuhealth, Inc., 21 NY3d at 425 [internal quotation marks omitted]). "In contrast, a municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers" (id. [internal quotation marks omitted]). "Police and fire protection are examples of long-recognized, quintessential governmental functions" (id.; see Valdez v City of New York, 18 NY3d 69, 75).
"Once it is determined that a municipality was exercising a governmental function, the next inquiry focuses on the extent to which the municipality owed a duty to the injured party" (Santaiti v Town of Ramapo, 162 AD3d 921, 924; see Applewhite v Accuhealth, Inc., 21 NY3d at 426). To sustain liability against a municipality engaged in a governmental function, "the duty breached must be more than that owed the public generally" (Lauer v City of New York, 95 NY2d 95, 100; see Applewhite v Accuhealth, Inc., 21 NY3d at 426). The Court of Appeals has recognized that a special duty can arise "when the municipality violates a statutory duty enacted for the benefit of a particular class of persons" (Coleson v City of New York, 24 NY3d 476, 481 [internal quotation marks omitted]; see Applewhite v Accuhealth, Inc., 21 NY3d at 426; Zurich Am. Ins. Co. v City of New York, 176 AD3d 1145, 1147). "To form a special relationship through breach of a statutory duty, the governing statute must authorize a private right of action" (McLean v City of New York, 12 NY3d at 200 [internal quotation marks omitted]). As noted herein, neither the Uniform Code nor the Yonkers Fire Code gives rise to a private right of action.
Nor did the plaintiffs allege facts to show that a special duty existed by demonstrating that the defendants voluntarily assumed a duty to the plaintiffs beyond what is owed to the public generally (see Gonzalez v State of New York, 156 AD3d 764, 765; see also Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d 1264, 1266). Although the plaintiffs contend that the defendants assumed an affirmative duty through the adoption of the Yonkers Fire Code and the collection of inspection [*4]fees, neither constitutes a particular action or promise to act on behalf of the plaintiffs (see McLean v City of New York, 12 NY3d at 201; Sloninski v City of New York, 173 AD3d 801, 803).
Dismissal of the breach of fiduciary duty cause of action also was properly granted. "'The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct'" (Litvinoff v Wright, 150 AD3d 714, 715, quoting Rut v Young Adult Inst., Inc., 74 AD3d 776, 777). A cause of action sounding in breach of fiduciary duty must be pleaded with particularity under CPLR 3016(b) (see Litvinoff v Wright, 150 AD3d at 715). "A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 11 NY3d 146, 158 [internal quotation marks omitted]; see 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 738). Here, the complaint did not allege facts that would give rise to a fiduciary relationship between the plaintiffs and the defendants (see Litvinoff v Wright, 150 AD3d at 715; United States Fire Ins. Co. v Raia, 94 AD3d 749, 751).
However, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the sixth cause of action, which sought a declaration, inter alia, that the inspection fees were invalid as an unconstitutional tax. "'A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable [disposition]'" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150, quoting Staver Co. v Skrobisch, 144 AD2d 449, 450; see Rockland Light & Power Co. v City of New York, 289 NY 45, 51). "[W]here a cause of action is sufficient to invoke the court's power to 'render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy' (CPLR 3001; see CPLR 3017[b]), a motion to dismiss that cause of action should be denied" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150; see Laundry Palace U, Inc. v Nassau County, 183 AD3d 879, 880). Here, the complaint was sufficient to invoke the court's power to render a declaratory judgment as to the rights and other legal relations of the parties to a justiciable controversy (see Laundry Palace U, Inc. v Nassau County, 183 AD3d at 880; Staver Co. v Skrobisch, 144 AD2d at 450).
The defendants' remaining contentions are without merit.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court