WMC Realty Corp. v City of Yonkers (2024 NY Slip Op 50100(U))

[*1]

WMC Realty Corp. v City of Yonkers

2024 NY Slip Op 50100(U)

Decided on January 31, 2024

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 31, 2024
Supreme Court, Westchester County

WMC Realty Corp. and T.A.C. REALTY CORP. on its own behalf 
 and on behalf of those similarly situated, Plaintiffs,

against
City of Yonkers, YONKERS CITY COUNCIL and MIKE SPANO, Defendants.

Index No. 65933/2017

Attorney for Plaintiffs/Class: 
Stephen A. Cerrato, Esq.
Law Office of Stephen A. Cerrato, Esq. 
475 Tuckahoe Road, Suite 207
Yonkers, New York 10562
914-476-6272
Attorney for Defendants:
Robert A. Spolzino, Esq. 
Abrams Fensterman, LLP
81 Main Street, Suite 400
White Plains, New York 10601
914-607-7010

William J. Giacomo, J.

In this underlying action alleging that fees collected for purposes of fire safety inspections are invalid as an unconstitutional tax, plaintiffs move, pursuant to CPLR § 3025 for leave to amend the Class Action Complaint.
Papers Considered                                NYSCEF DOC NO. 95-102; 126-133; 143-146
1. Notice of Motion/Affirmation in Support of Stephen A. Cerrato Esq./Exhibits A-D/Statement of Material Facts
2. Memorandum of Law in Opposition/Affirmation of Robert A. Spolzino, Esq. in Opposition/Exhibits A-E
3. Affirmation in Reply of Stephen A. Cerrato Esq./Exhibits 1-3
FACTUAL AND PROCEDURAL BACKGROUND
The Court assumes the familiarity with the record. The facts related to the claims have been set forth in prior decisions/orders thus far issued in Mot. Seqs. 001 rendered by the Honorable Helen M. Blackwood and by the Appellate Division, Second Department in WMC Realty Corp. v City of Yonkers (193 AD3d 1018 [2d Dept 2021]). The pertinent background is set forth as follows: On or about October 3, 2017, plaintiffs filed a class action complaint on their own behalf and on behalf of similarly situated plaintiffs, and a demand for declaratory judgment against defendants. The complaint alleges that the City of Yonkers created a "Yonkers Fire and Building Safety Inspection Program," in order to provide fire and safety inspections for all multi-family dwelling units within the City. The Inspection Program was established pursuant to Article 18 of the Executive Law, entitled the New York State Uniform Fire Prevention and Building Code Act (Uniform Act), as codified in Executive Law § 370 et seq. and the Yonkers Fire and Building Code (see Yonkers Fire Code § 55-1 et seq.). According to the Yonkers City Code, the purpose of the program is to "inspect residential and business and commercial properties to ensure compliance with applicable codes." Properties are required to be inspected at least once every 36 months and owners are expected to pay annual fees ranging from $250 to $1,250.
The complaint alleges that, despite collecting millions of dollars from the inspection fees, only a small number of properties are actually inspected. Plaintiffs WMC Realty Corp. and T.A.C. Realty Corp. are both businesses located in Yonkers who are subject to the safety inspection fee. Plaintiffs allege that their properties have never been inspected, despite paying the fees. In the first cause of action, plaintiffs are seeking, among other things, a declaration that all inspection fees collected during the class period are unlawful and must be refunded. In the second, third, fourth and fifth causes of action, plaintiffs seek to recover for unjust enrichment, breach of contract, negligence and breach of fiduciary duty. The sixth cause of action, alleging a violation of the New York Constitution, states that the imposition of inspection fees violates procedural and substantive due process. Plaintiffs allege that if the owners do not pay the fees, they risk losing the title to their property. However, there is no mechanism to challenge the imposition of fees or to require an inspection program. The complaint also alleges that the inspection fees collected are not being put towards the Fire and Safety Inspection Program. Thus, plaintiffs are seeking a declaration that the inspection fees are invalid as an unconstitutional tax. 
In motion sequence 001, Judge Blackwood granted defendants' pre-answer motion to dismiss in its entirety. The Court found that plaintiffs commenced the action to seek enforcement of the Uniform Act (or also referred to as the NYS Code) or the Yonkers City Code. As the NYS Code does not allow for a private right of action, the complaint was dismissed. 
On appeal, the Appellate Division, Second Department modified Judge Blackwood's decision by denying the motion to dismiss with respect to the sixth cause of action. The Court provided a comprehensive background of the applicable statutes and regulations, including the ones set forth in the Yonkers Fire Code and the Uniform Act. For example, the Court explained [*2]the following:
"Pursuant to the regulations promulgated by the secretary of state, '[e]very city, village, town, and county' must enact such 'local law, ordinance or other appropriate regulation' as necessary to administer and enforce the Uniform Code, including, inter alia, fire safety and property maintenance inspections (19 NYCRR 1203.2 [a]; see 1203.3). 'Buildings shall be subject to periodic inspections for compliance with the Uniform Code on a yearly basis' (19 NYCRR 1202.4 [b]). Executive Law § 381 (2) provides that '[l]ocal governments or counties may charge fees to defray the costs of administration and enforcement.'"
Id. at 1020.
In relevant part, at the outset, the Court held that "[t]he Supreme Court properly determined that neither the Uniform Code nor the Yonkers Fire Code creates a private right of action." WMC Realty Corp. v City of Yonkers, 193 AD3d at 1019. However, the Court found that the lower court should have denied the motion to dismiss with respect to the sixth cause of action. The Court explained that "[a] motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable [disposition]." Id. at 1024 (internal quotation marks omitted). The Court concluded that "[h]ere, the complaint was sufficient to invoke the court's power to render a declaratory judgment as to the rights and other legal relations of the parties to a justiciable controversy." Id. 
Plaintiffs now seek to amend the complaint. According to plaintiffs, the amended complaint eliminates the five claims that have been dismissed and narrows the facts necessary to the remaining constitutional claim. In addition, the amended complaint allegedly conforms the evidence and clarifies the issues for class certification and trial. Plaintiffs claim that they are merely expanding on the legislative history and ties between the State Fire Prevention Act and the passage and implementation of inspection fees. For example, among other proposed amendments, plaintiffs seek to include a description of the promulgation of 19 NYCRR § 1203, which contains the technical requirements for fire safety inspections ("1203 Inspections"). In brief, the amended complaint alleges that, despite charging for 1203 Inspections, the City of Yonkers has no standardized plan or actual 1203 Inspection "program" in place for the City. This failure to provide 1203 inspections purportedly "violates not only the entire foundation for the Inspection Program Fees, in violates the Fire Prevention Code Act adopted by the City and the New York State Fire Prevention Code Act." 
In addition to purportedly giving a more detailed legislative history, plaintiffs claim that they seek to add the language of 19 NYCRR § 1203 into the complaint because defendants have failed to produce the 1203 Inspections during the course of discovery. Plaintiffs continue that defendants will not be prejudiced by the amendment as discovery remains ongoing and because the complaint has always challenged the constitutionality of the Inspection Fee. 
Defendants oppose the proposed amendments for numerous reasons. Among other reasons, defendants claim that the proposed amendment complaint improperly seeks to add previously dismissed statutory claims. In addition, the initial complaint was filed in 2017. Defendants argue that they would be prejudiced by the amendments, as the proposed amendments are statutory provisions, which are not only duplicative of previously dismissed claims but are also statutory provisions known to plaintiffs six years ago. 

DISCUSSION
Motion To Amend
A party may amend its pleadings "at any time by leave of court," and "[t]he court may permit pleadings to be amended before or after judgment to conform them to the evidence . . . ." CPLR 3025(b)-(c). Generally, leave to amend a pleading should be freely granted in the absence of prejudice to the opposing party and where the amendment may have merit. See Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 (2015); CPLR 3025(b). However, "[i]t is proper to deny a plaintiff leave to amend the complaint to re-assert a cause of action that was previously dismissed." Dialcom, LLC v A T & T Corp., 50 AD3d 727, 728 (2d Dept 2008). The decision whether to grant leave to amend a complaint is committed to the sound discretion of the court. Davis v South Nassau Communities Hosp., 26 NY3d at 580.
Contrary to plaintiffs' contentions, the proposed amendments do not merely explain the regulations linked to the Uniform Code, or "describe in even greater detail the legislative history and ties between the State Fire Prevention Act and the City's passage and implementation of the Inspection Fees." The amendments, beyond the additional statutory language added, allege the lack of a standardized 1203 Inspection "program," and seek to assert claims related to the enforcement of the "1203 Inspections," including alleged statutory violations for the failure to provide the inspections. Here, however, after referencing 19 NYCRR § 1203, among other regulations and statutes, the Appellate Division already held that the lower court properly dismissed causes of action based on defendants' alleged violations of the Uniform Code and the Yonkers Fire Code because neither Code creates a private right of action.[FN1]
As a result, plaintiffs' motion to amend is denied, as it would be improper for plaintiffs to assert these claims - which have already been dismissed - as part of their remaining constitutional claim. See e.g. Blum v New York Stock Exchange, 298 AD2d 343, 345 (2d Dept 2002) ("The Supreme Court also properly denied the plaintiff leave to amend the complaint to reassert a breach of contract cause of action previously dismissed in an earlier action"). 
Plaintiffs also argue that the proposed amended complaint eliminates the causes of action that have been dismissed and narrows the facts necessary for the single remaining claim. The Appellate Division's decision was rendered on April 21, 2021. However, plaintiffs filed this motion on October 13, 2023 and fail to offer a reasonable excuse for their delay. See e.g. Arguinzoni v Parkway Hosp., 14 AD3d 633, 633 (2d Dept 2005) (Court denied plaintiff's motion for leave to serve an amended supplemental bill of particulars because "plaintiff failed to present a reasonable excuse for her inordinate delay in making the motion"). Moreover, as noted by plaintiffs in their memorandum of law, the Appellate Division already concluded that the allegations sufficiently pled a cause of action for the declaratory relief requested; namely, seeking a declaration that the inspection fees were invalid as a constitutional tax. No [*3]amendments are necessary to allegedly clarify the issues or narrow the facts necessary to the one remaining cause of action. 
Finally, while plaintiffs claim that they seek to include the statutory language in the amended complaint as a way to compel outstanding discovery responses, plaintiffs have other remedies for alleged discovery deficiencies.
All other arguments raised on this motion and evidence submitted by the parties in connection thereto have been considered by this court notwithstanding the specific absence of reference thereto.
Accordingly, it is hereby
ORDERED that plaintiff's motion to motion for leave to amend the complaint pursuant to CPLR 3025 is DENIED without prejudice.
Dated: January 31, 2024
White Plains, New York
________________________________________
HON. WILLIAM J. GIACOMO, J.S.C.

Footnotes

Footnote 1:Judge Blackwood also rejected plaintiffs' arguments that, as there is no claim seeking to compel the City to comply with the Codes, they are not seeking to enforce either Code. She also set forth plaintiffs' argument that, even if the claims are based on a private right of action, the lack of a comprehensive scheme for enforcement in the NYS Code would allow for it. Judge Blackwood noted that she was "unpersuaded" that the plaintiffs' action does not seek enforcement of the NYS Code (Uniform Act) or the Yonkers City Code.