Security Title Guar. Corp. of Baltimore v Old Republic Natl. Title Ins. Co. (2025 NY Slip Op 03835)

Security Title Guar. Corp. of Baltimore v Old Republic Natl. Title Ins. Co.

2025 NY Slip Op 03835

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-04970
 (Index No. 614421/22)

[*1]Security Title Guarantee Corporation of Baltimore, appellant, 
v
Old Republic National Title Insurance Company, respondent.

DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Peter S. Dawson, Lee S. Wiederkehr, and Eric J. Mandell of counsel), for appellant.
The Law Office of Daniel G. Walsh, PLLC, Warwick, NY, for respondent.

DECISION & ORDER
In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered April 28, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
In October 2022, the plaintiff commenced this action against the defendant for a judgment, inter alia, declaring that the defendant is obligated to indemnify it in connection with an underlying action, among other things, pursuant to RPAPL article 15 to quiet title to real property, commenced in the Supreme Court, Kings County (hereinafter the underlying action). The complaint in this action alleged, inter alia, that the plaintiff had issued title insurance policies to the purchaser of certain real property (hereinafter the premises) and that the defendant had previously issued title insurance to a party who purportedly sold the premises to the plaintiff's insured. The complaint also alleged that the underlying action was asserted against, among others, the insureds of both the plaintiff and the defendant. According to the plaintiff, the defendant is obligated to indemnify it in the underlying action pursuant to the terms of a mutual indemnification agreement (hereinafter the MIA). The MIA provides, in relevant part, that the defendant is obligated to indemnify the plaintiff for certain "Covered Defects" in title, including those related to the devolution of title, where there has been a recorded conveyance of the premises for consideration to a bona fide purchaser. The MIA also provides, inter alia, that the defendant is obligated to pay the "legal fees and costs" of an indemnitee. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, and the plaintiff opposed. In an order entered April 28, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals. We reverse.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction and the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where [*2]the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 88).
"'A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration'" (Indymac Venture, LLC v Nagessar, 121 AD3d 945, 946, quoting Staver Co. v Skrobisch, 144 AD2d 449, 450). Where a cause of action is sufficient to invoke the court's power to "render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy" (CPLR 3001; see 3017[b]), a motion to dismiss that cause of action should be denied (see Indymac Venture, LLC v Nagessar, 121 AD3d at 946; North Shore Towers Apts. Inc. v Three Towers Assoc., 104 AD3d 825, 827).
Contrary to the determination of the Supreme Court, the defendant did not demonstrate that the allegations of the complaint are utterly refuted by documentary evidence, nor did the defendant establish that the complaint fails to state a cause of action for declaratory relief (see 88-18 Tropical Restaurante Corp. v Utica First Ins. Co., 223 AD3d 772, 773-774; Gem-Quality Corp. v Colony Ins. Co., 209 AD3d 986, 989).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court